FILED
2025 Mar-14  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **JOSHUA FREEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:25-cv-00388-ACA** |
| | ) | |
| **WALKER COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, "DEPUTY** | ) | |
| **HANDLEY", SGT. SLADE REEVES,** | ) | |
| **"DEPUTY RICHARDSON", WALKER** | ) | |
| **COUNTY, ALABAMA, and** | ) | |
| **FICTITIOUS DEFENDANTS X1-X10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION TO STRIKE FICTITIOUS PARTIES

COME NOW Walker County Sheriff's Department, "Deputy Handley," Sgt. Slade Reaves, "Deputy Richardson," and Walker County, Alabama, Defendants in the above-styled action, and respectfully file this Motion to Strike the fictitious parties described in the Complaint in paragraph 6 pursuant to Rule 10 of the Federal Rules of Civil Procedure. It is well-settled within this Circuit that fictitious party pleading is not permitted unless a plaintiff provides a description of the fictitious party sufficient to allow service of process upon him or her. In further support thereof, Defendants aver as follows:

1.     Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he

title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10.

2.    Pursuant to this Rule, the Eleventh Circuit has repeatedly held that fictitious party pleading is impermissible in federal court, and any such claims are due to be dismissed. "As a general matter, fictitious party pleading is not permitted in federal court." *Vielma v. Gruler*, 808 F. App'x 872, 880 (11th Cir. 2020); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1318 n.1 (11th Cir. 2015). Fictitious party pleading has only been allowed by the Eleventh Circuit Court of Appeals where the use of a fictitious label is "'at the very worst, surplusage' because the plaintiff's description of the defendant is 'sufficiently clear to allow service of process.'" *Vielma*, 808 F. App'x at 880 (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 & n.6 (11th Cir. 1992)). Even providing race and height descriptors of an unnamed defendant, without more, is insufficient. *See Id.* Obviously, where a plaintiff fails to provide any description of a fictitious party whatsoever, the plaintiff has failed to reasonably describe the defendant such as to enable service of process, and the limited exception for "surplusage" does not apply. *Id.* Moreover, "[Eleventh Circuit] precedent has never permitted [fictitious party] pleading solely on the ground that discovery might reveal an unnamed defendant's identity." *Id.* The court in *Vielma* thus found that, even though plaintiff contended discovery would allow

the plaintiff to reveal the true name of the fictitious party, the district court did not err in dismissing the plaintiff's fictitious party claims. *Id.* at 880-881.

3.    Accordingly, courts in this circuit routinely grant motions to dismiss and/or motions to strike fictitious parties filed by named parties. *See, e.g.*, *Cohen v. Hill*, 598 F. Supp. 3d 1349, 1360 (N.D. Ala. 2022); *Beaty v. Dunn*, No. 2:20CV279-ECM, 2022 WL 1721249, at *5 (M.D. Ala. May 27, 2022); *Edgar v. Brunson*, No. 1:22-CV-620-KFP, 2024 WL 42266, at *6 (M.D. Ala. Jan. 3, 2024); *Pennington v. Tuscaloosa Cnty., Alabama*, No. 7:22-CV-01265-ACA, 2023 WL 2601936, at *1 (N.D. Ala. Mar. 22, 2023); *Bozeman v. County of Elmore*, No. 2:20-CV-640-ECM, 2021 WL 2954004, at *3 (M.D. Ala. July 14, 2021). Numerous Eleventh Circuit courts have reiterated that a plaintiff may not maintain suit against a "John Doe" defendant absent additional identifying information. *See, e.g., Smith v. Comcast Corp.*, 786 F. App'x 935, 940 (11th Cir. 2019), *McCall v. Shelby County Jail*, No. 121CV00446AMMJHE, 2024 WL 351401, at *3 (N.D. Ala. Jan. 8, 2024) (granting dismissal of plaintiff's fictitious party claims), *Kiser v. Bradley*, No. 720CV00562ACAHNJ, 2023 WL 3690261, at *6 (N.D. Ala. May 1, 2023) (same), *Pennington v. Tuscaloosa County, Alabama*, No. 7:22-CV-01265-ACA, 2023 WL 2601936, at *2 (N.D. Ala. Mar. 22, 2023) (same); *Murey for Fernandez v. City of Chickasaw*, No. 18-CV-275-KD-N, 2018 WL 5850939, at *2 (S.D. Ala. Oct. 19, 2018) (denying plaintiff's request for discovery to reveal identity of fictitious

defendants). In several of these cases, the courts have reasoned that the distinction between permissible and impermissible fictitious party claims turns on whether, from the face of the plaintiff's complaint, enough detail is given about the defendant such that he may be identified among numerous jail officials and process may be served. *Smith*, 786 F. App'x at 940; *McCall* 2024 WL 351401, at *3; *Pennington*, WL 2601936, at *2.

4.      It is thus clear that, in federal court, a fictitious party claim must be detailed such that it "point[s] to a specific individual." *Edgar*, 2024 WL 42266, at *6. Even generic descriptions, such as gender, race, and rank, are insufficient. *McCall v. Shelby County Jail*, No. 121CV00446AMMJHE, 2024 WL 351401, at *3 (N.D. Ala. Jan. 8, 2024). And allegations against a "Defendant Doe" are likewise due to be dismissed. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010); *Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009); *Bozeman*, 2021 WL 2954004, at *3.

5.      Plaintiff's Complaint fails to meet this exacting standard and, as such, all fictitious party allegations should be struck pursuant to well-settled law. The only description of the fictitious parties listed in Plaintiff's Complaint, (Doc. 2, ¶¶ 3-5, 6), is as follows:

> 6). Fictitious Defendants X1-X10 are those employees of Walker County, Alabama, who participated in the false arrest of Plaintiff on or about February 5, 2023.

6.    It is plain form the face of the Complaint that these vague and nondescript fictitious party allegations completely fail to describe the parties with such specificity as to render the fictitious party claims mere "surplusage." Further, Plaintiff's Complaint is replete with actions taken by generically named "Defendants," "employees," and "officers." (Doc. 2, ¶¶ 12, 13, 14, 19, 21, 24, 25, 26, 27, 34, 37, 38, 40, 42, 43, 46, 47, 48, 50.)  From the Complaint, there is no way for the named Defendants to even discern which particular allegations are relevant to a particular fictitious defendant. Plaintiff's Complaint also fails to describe any fictitious party which such specificity as to allow named Defendants to identify which county and sheriff's office employees the Complaint is referring to.

7.    Moreover, Rule 9 of the Federal Rules of Civil Procedure provide as follows:

> (a) CAPACITY OR AUTHORITY TO SUE; LEGAL EXISTENCE.
>> (1) In General. Except when required to show that the court has jurisdiction, a pleading need not allege:
>>> (A) a party's capacity to sue or be sued;
>>> (B) a party's authority to sue or be sued in a representative capacity; or
>>> (C) the legal existence of an organized association of persons that is made a party.
>> (2) Raising Those Issues. To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.
> (b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent,

knowledge, and other conditions of a person's mind may be alleged generally.

(c) CONDITIONS PRECEDENT. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

(d) OFFICIAL DOCUMENT OR ACT. In pleading an official document or official act, it suffices to allege that the document was legally issued or the act legally done.

(e) JUDGMENT. In pleading a judgment or decision of a domestic or foreign court, a judicial or quasi-judicial tribunal, or a board or officer, it suffices to plead the judgment or decision without showing jurisdiction to render it.

(f) TIME AND PLACE. An allegation of time or place is material when testing the sufficiency of a pleading.

(g) SPECIAL DAMAGES. If an item of special damage is claimed, it must be specifically stated.

(h) ADMIRALTY OR MARITIME CLAIM.

> (1) How Designated. If a claim for relief is within the admiralty matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

> (2) Designation for Appeal. A case that includes an admiralty or maritime claim within this subdivision (h) is an admiralty case within 28 U.S.C. § 1292(a)(3).

8.    Nowhere in Rule 9 does it allow fictitious parties pleading. "Any claims asserted by a plaintiff against fictional parties are due to be disregarded, however, because there is no provision for fictitious party practice under federal law or rules of procedure." *Geren v. Omni Transp. Sys.*, Ala., LLC, 2009 U.S. Dist. LEXIS

134211, at *1 n.1 (N.D. Ala. Nov. 17, 2009).

WHEREFORE, THESE PREMISES CONSIDERED, Walker County Sheriff's Department, "Deputy Handley," Sgt. Slade Reaves, "Deputy Richardson," and Walker County, Alabama, hereby respectfully request this Court dismiss all the aforementioned fictitious party claims pursuant to Rule 10 of the Federal Rules of Civil Procedure.

Respectfully submitted this 14th day of March, 2025.

**/s./J. Randall McNeill**
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorney for Defendants
Webb McNeill Walker PC
One Commerce Street, Suite 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101
(334) 262-1850 T
(334) 262-1889 F
rmcneill@wmwfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of March 2025, I electronically filed the foregoing with the Clerk of the Court, which will provide notice to the following CM/ECF participants:

Russell B. Robertson

LAIRD, ROBERTSON & ALLEN, P.C.

P.O. BOX 498

Jasper, AL 35502-0498

rbr@lralawyers.com

**<u>s/J. Randall McNeill</u>**
OF COUNSEL