FILED
2025 Mar-14 PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **JOSHUA FREEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:25-cv-00388-ACA** |
| | ) | |
| **WALKER COUNTY SHERIFF'S** | ) | |
| **DEPARTMENT, "DEPUTY** | ) | |
| **HANDLEY", SGT. SLADE REEVES,** | ) | |
| **"DEPUTY RICHARDSON", WALKER** | ) | |
| **COUNTY, ALABAMA, and** | ) | |
| **FICTITIOUS DEFENDANTS X1-X10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## WALKER COUNTY, ALABAMA'S MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Walker County, Alabama (hereinafter "Walker County" or the "County"), a Defendant in the above-styled action, and in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed contemporaneously herewith, asserts the following:

### INTRODUCTION

Plaintiff's claims against Walker County fail because, as a matter of law, the County cannot be held liable for the law enforcement actions of the Sheriff. Plaintiff names Walker County as a defendant to this action and insinuates that the Sheriff's Office is an extension of the County, despite easily researchable case law which

solidifies that the Sheriff and Sheriff's Deputies are not agents of the County but rather, are extensions of the State. Throughout the Complaint, Plaintiff makes this mistake. The applicable allegations regarding Walker County are as follows:

1.    That the County is liable on the basis of *respondeat superior* for the allegedly outrageous actions of sheriff's deputies who responded to Plaintiff's 911 call and subsequently placed Plaintiff under arrest. (Doc. 2, ⁋ 27.)

2.    That the County is liable for negligently hiring, training, and supervising the deputies who arrested Plaintiff. (Doc. 2, ⁋ 30.)

3.    That the County is liable on the basis of *respondeat superior* for the allegedly false arrest of Plaintiff carried out by sheriff's deputies, which Plaintiff alleges was in violation of the 1st, 4th, and 14th Amendments of the United States Constitution. (Doc. 2, ⁋ 39.)

4.    That the County has a custom or policy which resulted in the violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights by sheriff's deputies. (Doc. 2, ⁋ 43.)

5.    That the County is liable for malicious prosecution by "maintaining" charges against Plaintiff until December 14, 2023.[1]

---

[1] Plaintiff's Complaint fails to specify which Defendants this claim is brought against. For purposes of this Motion to Dismiss only, the County assumes that the "Defendants" referred to in this count includes Walker County.

Plaintiff's Complaint condemns itself as it relates to Walker County. It recites buzz words such as *employs*, *supervise*, and *discipline* obviously to assert that Walker County has some duty over the conduct and operation of the Sheriff's Office. However, such theory is contrary to decades of established law because the County is not responsible for the day-to-day operation of the Sheriff's Office. The substantive errors contained within this Complaint could be remedied simply by careful and thoughtful review of established law – but was not done. Accordingly, Walker County is due to be dismissed.

## STANDARD OF REVIEW

Walker County invokes Rule 12(b)(6) as the basis for its Motion to Dismiss. Under a Rule 12(b)(6) motion to dismiss, a court must accept the facts plead as true and construe those facts in a light favorable to the nonmoving party. *Quality Foods De Centro Am., S.A. v. Latin Am. Agribusiness*, 711 F.2d 989, 994–95 (11th Cir. 1983). A court should draw all "reasonable inferences" in favor of the non-movant. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court rejected the "no set of facts" standard for determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. 550 U.S. 544, 546 (2007).[2] Even under Rule

---

[2] In *Twombly*, the Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at

8(a) there must be a "'statement of circumstances, occurrences, and events in support of the claim presented' and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level," *Id.*, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* At 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court elaborated on the principles behind its holding in *Twombly*.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. . . .  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.** Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible

---

561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.

claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."**

*Iqbal*, 556 U.S. at 678–79 (internal citations and quotations omitted) (emphasis added).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS AGAINST WALKER COUNTY CANNOT BE SUSTAINED BECAUSE ALABAMA COUNTIES CANNOT BE HELD LIABLE FOR THE TORTIOUS ACTS OF SHERIFFS AND DEPUTY SHERIFFS UNDER ALABAMA LAW.**

All Plaintiff's claims against Walker County are due to be dismissed because the County is not liable for the acts of sheriff's deputies under Alabama law. Plaintiff's Complaint seemingly assumes that sheriff's deputies are under the supervisory authority of the County, and thus misunderstands the law; indeed, as set forth in more detail below, there are a plethora of cases explaining that Alabama sheriffs and their deputies are state officials outside of the county's supervision and control. As recognized numerous times by the Alabama Supreme Court, counties are mere "creatures of statute" and have no powers other than those expressly delegated by the state legislature. *Dillard v. Baldwin Cnty. Com'n*, 833 So.2d 11, 16 (Ala. 2002) (citing *Jefferson County v. Johnson*, 333 So.2d 143, 145 (Ala. 1976)); *Chism v. Jefferson Cnty.*, 954 So. 2d 1058, 1073 (Ala. 2006), *as modified on reh'g* (Oct. 5,

2006); *Gaines v. Huntsville-Madison Cnty. Airport Auth.*, 581 So. 2d 444, 446 (Ala. 1991). And it almost goes without saying that the Commission cannot be held liable for the acts of those whom it has no authority to control.

### a. Walker County Cannot Be Held Liable Under A Theory of *Respondeat Superior*, Negligent Hiring, Training, and Supervision, or Any Custom or Policy With Respect To Sheriff's Deputies.

A county in Alabama cannot be held liable for the acts of a sheriff or his employees because the sheriff is a state officer, not an officer of the county. *See McMillian v. Monroe Cnty. Ala.*, 520 U.S. 781, 789 (1997); *Parker v. Amerson*, 519 So. 2d 442, 442–45 (Ala. 1987). The Alabama Supreme Court has held that "[s]heriffs are not county employees, particularly for purposes of imposing *respondeat superior* liability upon the county." *Ex parte Sumter County*, 953 So. 2d 1235, 1239 (Ala. 2006); *Parker*, 519 So. 2d 442, at 444. Under Alabama law, "sheriffs are not county employees or agents, **much less policymakers**." *McClure v. Houston Cnty*, 306 F.Supp.2 1160, 1163 (M.D. Ala. 2003) (emphasis added). **A county cannot be liable for failure to supervise or train a sheriff's employees** because Alabama counties "**do not supervise deputy sheriffs at all**." *McClure*, 306 F.Supp. 2d at 1164; *Muhammad v. Lee Cnty. Comm'n of Lee Cnty.*, *Alabama*, No. 3:22-CV-713-ECM-KFP, 2023 WL 3243405, at *5-6 (M.D. Ala. Apr. 14, 2023) (emphasis added).

In fact, the United States Supreme Court recognized as much in *McMillian v. Monroe County, Alabama*, where the Court held that a sheriff is not a policymaker for the county for purposes of *Monell* liability. 520 U.S. 781, 785 (1997). Citing the Alabama Supreme Court's decision in *Parker v. Amerson*, 519 So. 2d at 443, the Court in *McMillian* held that the sheriff is a state officer and that the county "**has no direct control over how the sheriff fulfills his law enforcement duty**…." *Id.* at 791 (emphasis added). In further support of this holding, the Supreme Court cited Ala. Code § 36–22–3, reasoning that "an Alabama county cannot 'instruct the sheriff how to ferret out crime, how to arrest a criminal, or how to secure evidence of a crime. And when the sheriff does secure such evidence, he has an obligation to share this information not with the county commission, but with the district attorney (a state official, *see Hooks v. Hitt*, 539 So.2d 157, 159 (Ala.1988)).'" *Id.* There can thus be no doubt that "Alabama's Constitution clearly denominates the sheriff as a member of the state's executive department." *Turquitt v. Jefferson County, Ala.*, 137 F.3d 1285, 1288 (11th Cir. 1998) (citing Ala. Const. of 1901, Art. V § 112). And "because a sheriff is an executive officer, 'a sheriff is not an employee of a county for the purposes of imposing liability on the county.'" *Id.* at 1288 (citing *Parker*, 519 So. 2d at 442). Consequently, an Alabama county cannot be held liable for the actions of an Alabama sheriff. *King v. Colbert County*, 620 So.2d 623, 625 (Ala.1993) (reiterating that "[s]heriffs are not county employees, *Parker v. Amerson*,

7

519 So.2d 442 (Ala.1987), particularly for purposes of imposing respondeat superior liability upon the county.").

Deputy sheriffs, likewise, are state officials rather than county employees. *Ex parte Sumter County*, 953 So. 2d at 1239 (explaining "sheriffs and deputy sheriffs are [both] executive officers of this State"). Under Alabama law, "[t]he deputy sheriff is the alter ego of the sheriff." *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1526 (11th Cir. 1990) (citing *Mosely v. Kennedy*, So. 2d 536, 537 (1944)). Furthermore, under Alabama law, acts of a deputy sheriff are, by extension, acts of the sheriff. *Hester v. Lowndes County Comm'n*, No. 2:06-cv-572-WHA, 2006 WL 2547430, at *6 (M.D. Ala. Sept. 1, 2006) (citing *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991)). "It follows therefore that a deputy sheriff is a state officer and not an employee of the county or the county commission." *Hester*, 2006 WL 2547430 at *6 (holding an Alabama county could not be held liable in *respondeat superior* for the acts of a county deputy). Indeed, an Alabama county "does not have the authority, or the responsibility, to promulgate policies and work rules for employees of the sheriff's office, nor does a county commission have authority over law-enforcement policies or the training, supervision, hiring, or firing of the sheriff's employees." *Ex parte Sumter County*, 953 So. 2d 1235, 1238 (Ala. 2006); *see also Hereford v. Jefferson County*, 586 So.2d 209, 210 (Ala. 1991); *Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004).

As set forth herein, Walker County cannot be held liable for the acts of deputy sheriffs whom it has no authority to control. *Merrell v. Joe Bullard Oldsmobile, Inc.*, 529 So. 2d 943, 945 (Ala. 1988) (requiring that an agent commit a tort within the course and scope of the agent's employment before imposing liability on the agent's principal). Alabama counties are "creatures of statute" with only the powers expressly granted to them by the state legislature. *Dillard*, 833 So.2d at 16; *see also Turquitt*, 137 F.3d at 1289. As recognized by the United States Supreme Court in *McMillian*, an Alabama county has no authority with respect to law enforcement activities. *McMillian*, 520 U.S. 781, 791; *see also Lockridge v. Etowah County Comm'n*, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984) (stating "[w]e are unable to find any authority, nor have we been cited to any, for the Etowah County Commission to promulgate work rules for the employees of the sheriff's office, especially the sheriff's deputies. In the absence of such authority, we are constrained to hold that the Etowah County Commission has no power to grant leaves of absence to the sheriff's deputies").

While Plaintiff has mistakenly alleged that Defendant Deputies were "employee[s] of Walker County," (Doc. 2, ⁋ 3–5), the principles of the law as set forth *supra* are well-established and well-reasoned. Once again, a county "does not have the authority, or the responsibility, to promulgate policies and work rules for employees of the sheriff's office, nor does a county commission have authority over

law-enforcement policies or the training, supervision, hiring, or firing of the sheriff's employees." *Ex parte Sumter County*, 953 So. 2d at 1238–39. Sheriffs and Sheriffs' deputies are not county employees. *Ex parte Sumter County,* 953 So. 2d at 1239. And Walker County does not supervise, hire, or train deputies; nor does the County formulate policies or customs for sheriff's deputies or direct their day-to-day activities. *McMillian*, 520 U.S. at 789; *Cofield v. Randolph County Com'n*, 844 F.Supp. 1499, 1501-02 (M.D. Ala. 1994); *King*, 620 So. 2d at 625; *Parker*, 519 So.2d at 443, 444. Plaintiff's claims against the County for *respondeat superior*, negligent hiring, training, and supervision, and unconstitutional policies and customs should therefore be dismissed.

>    **b.  Walker County Cannot Be Held Liable For Malicious Prosecution Because Neither Deputies and District Attorneys Are Not County Employees.**

Similarly, Walker County cannot be held liable for malicious prosecution because neither employees of the sheriff's office nor employees of the district attorney are under the control or supervision of the County.  Just as with sheriffs and their deputies, Alabama district attorneys are state officials over whom counties have no oversight or control. In this regard, the Alabama Supreme Court established in *Hooks v. Hitt* that "[d]istrict attorneys are state employees whose salaries are funded by the state." 539 So.2d 157, 159 (Ala.1988) (citing Ala. Code § 12-17-182). Likewise, employees hired by the district attorney, such as investigators, are also

state employees. *Id.* It should again be noted that Alabama law provides counties with no power whatsoever in the area of law enforcement. *McMillian*, 520 U.S. at 790. It therefore follows that, because Walker County is a mere "creature of statute" with only the powers granted to it by the Alabama Legislature, *Dillard*, 833 So.2d at 16; *Johnson*, 333 So.2d at 145, the County cannot be held liable for the district attorney's decision to pursue charges. At least one district court examining this issue has accordingly found that, because a county may not be held liable for the acts of sheriffs over whom the county exercises no power or control, the same must be true with respect to the district attorney's office. *McMillian v. Johnson*, No. CV-93-A-699-N, 1994 WL 904652, at *20 (M.D. Ala. Feb. 18, 1994), *aff'd*, 88 F.3d 1573 (11th Cir. 1996), *aff'd sub nom. McMillian*, 520 U.S. 781.

Even taking the allegations of the complaint as true, Plaintiff has failed to plausibly allege the elements of a malicious prosecution claim against Walker County. Under Alabama law a claim of malicious prosecution requires the plaintiff to establish that "a prior judicial proceeding was instigated by the defendant." *Roberson v. Walker*, 333 F. Supp. 3d 1301, 1309 (N.D. Ala. 2018). And a claim for malicious prosecution made pursuant to 42 U.S.C. § 1983 likewise requires "a criminal prosecution instituted or continued by the present defendant." *Chancy v. Bruno*, 679 F. App'x 864, 867 (11th Cir. 2017). Under 42 U.S.C. § 1983, moreover, local governments may be held responsible only for "their *own* illegal acts." *Connick*

*v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original). Plaintiff cannot meet the standard of either state or federal law based on the allegations of the Complaint for reasons already stated: sheriffs and their deputies are constitutional officers beyond the authority, control or supervision of the county, and all Plaintiff's allegations in support of his malicious prosecution claim are based on the actions of employees of the sheriff's department. Plaintiff's complaint contains zero allegations that any Walker County employee had any part in instigating charges against Plaintiff. Instead, the Complaint alleges that sheriff's deputies would not give Plaintiff the chance to prove the legal possession of his home, (Doc. 2, ⁋ 13), that sheriff's deputies placed Plaintiff under arrest, (Doc. 2, ⁋ 14), and that these deputies "charged [Plaintiff] with Domestic Violence in the Third Degree." (*Id.*) Indeed, given this last allegation it is fair to say that Plaintiff's own complaint precludes any possibility that he could prevail on his malicious prosecution claim against the County.

Finally, it is also important to note that a county government may only be held liable for malicious prosecution if a plaintiff alleges a policy or custom of the defendant caused the plaintiff's injury. *Connick*, 563 U.S. at 61; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). Plaintiff has failed to allege any specific policy of the County caused the alleged malicious

prosecution in this case,[3] and on these grounds, too, Plaintiff's claims are due to be dismissed.

## CONCLUSION

Based upon the foregoing, Defendant Walker County, Alabama, requests this Honorable Court issue an Order dismissing it from this action. Further, because this issue is well established, this Defendant requests reimbursement of all fees and costs pursuant to 42 U.S.C. § 1988.

Respectfully submitted this 14th day of March, 2025.

<div style="margin-left:3em">

**/s./J. Randall McNeill**
J. RANDALL MCNEILL (ASB-4841-E29J)
Attorney for Defendants
Webb McNeill Walker PC
One Commerce Street, Suite 700 (36104)
Post Office Box 238
Montgomery, Alabama 36101
(334) 262-1850 T
(334) 262-1889 F
rmcneill@wmwfirm.com

</div>

---

[3] Plaintiff's Complaint does allege that "Defendants have, as a matter of custom … engag[ed] in viewpoint discrimination with respect to recognizing the rights of citizens to participate in the public comment portion of its City Council meetings." (Doc. 2, ⁋ 43.) Even if this allegation is construed as a policy resulting in malicious prosecution, it is well-settled in this Circuit that such bare allegations of unconstitutional policies are merely conclusory. *See, e.g., Torres-Bonilla v. City of Sweetwater*, 805 F. App'x 839, 840 (11th Cir. 2020).

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of March 2025, I electronically filed the foregoing with the Clerk of the Court, which will provide notice to the following CM/ECF participants:

Russell B. Robertson
LAIRD, ROBERTSON & ALLEN, P.C.
P.O. BOX 498
Jasper, AL 35502-0498
rbr@lralawyers.com

**<u>s/J. Randall McNeill</u>**
OF COUNSEL